TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
SAMUEL R. MELAMED (SBN 301303)
Samuel.Melamed@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Cavalry SPV I, LLC
and Mandarich Law Group, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA VAZQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MANDARICH LAW GROUP, LLP and CAVALRY SPV I, LLC,<br><br>Defendants. | CASE NO.: 2:24-cv-00192-DMG-E<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT**<br><br>Date:  January 3, 2025<br>Time:  9:30 a.m.<br>Dept.  Courtroom 8C<br><br>The Honorable Dolly M. Gee |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 3, 2025, at 9:30 a.m. in Courtroom 8C of the above Court, located at 350 West 1st Street, Los Angeles, California, 90012, the Honorable Dolly M. Gee presiding, defendants Cavalry SPV I, LLC and Mandarich Law Group, LLP (collectively, "Defendants") will and hereby do move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting summary judgment, or in the alternative, partial summary judgment, in their favor on the claims asserted in the Complaint. This motion is made on the grounds that there are no triable issues of fact on whether Cavalry SPV I, LLC owns Plaintiff's account, or on whether the Mandarich Law Group was acting as the attorneys for Cavalry SPV I, LLC, and therefore judgment should be entered for Defendants on all claims.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 16, 2024, and continued in a telephone call between counsel on November 21, 2024.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the declarations of Maureen Killian and Christopher Mandarich filed herewith, the Separate Statement of Uncontroverted Facts filed herewith, all the other papers on file in this action, and any other and further evidence or argument the Court may allow.

Respectfully submitted,

DATED: November 27, 2024         WOMBLE BOND DICKINSON (US) LLP
                                 TOMIO B. NARITA
                                 SAMUEL R. MELAMED

                                 By:  /s/Tomio B. Narita
                                      Tomio B. Narita
                                      Attorneys for Cavalry SPV I, LLC
                                      and Mandarich Law Group, LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Adrianna Vazquez ("Plaintiff") failed to pay the balance due on a credit card account issued to her by non-party Citibank, N.A. Her account was then sold to defendant Cavalry SPV I, LLC ("SPV"), and it was placed with the attorneys for SPV, defendant Mandarich Law Group, LLP ("Mandarich Law Group"), for legal collection efforts.

This entire case concerns a single letter concerning the unpaid account dated July 3, 2023, mailed to Plaintiff by the Mandarich Law Group. Plaintiff says the letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, for two reasons.

First, she claims SPV violated the restrictions on third party disclosure contained in the FDCPA and the Rosenthal Act, because SPV improperly shared information about the debt with Mandarich Law Group. But the law is clear that creditors and debt collectors can disclose information about consumer debts to their attorneys.

Second, Plaintiff alleges the amount of the debt reflected in the July 3, 2023 letter is false and misleading, because SPV does not own the debt. She is wrong. The undisputed evidence is that SPV owns the debt, and the amount of the debt is accurately stated in the letter. Summary judgment is proper on all claims.[1]

### II. STATEMENT OF UNCONTROVERTED FACTS

On September 26, 2022, SPV purchased a portfolio of charged-off credit card accounts from Citibank, N.A., with a Contract ID number of

---

[1] Defendants' motion for judgment on the pleadings, which raises a challenge to the claims under Article III, remains pending. Doc. Nos. 30, 33.

CV8MUMAA030920 and a Sale ID number of 091322CV1CC1FM, pursuant to a Bill of Sale and Assignment. *See* Defendants' Statement of Uncontroverted Facts, Uncontroverted Fact ("UF") 1. The portfolio included a credit card account ending in 7402 that was issued to Plaintiff Adrianna M. Vazquez (the "7402 Vazquez Account"). UF 2. As part of the transaction, Citibank, N.A. supplied account-level data and documentation regarding the origination of the 7402 Vazquez Account, the use of the card, and the balance of the 7402 Vazquez Account at the time of charge-off. UF 3.

After non-party Cavalry Portfolio Services, LLC[2] unsuccessfully attempted to collect Plaintiff's outstanding balance on SPV's behalf, it retained the Mandarich Law Group to engage in legal collection efforts on the 7402 Vazquez Account. UF 4.

The Mandarich Law Group is a law firm owned by Christopher Mandarich, a licensed attorney, and it employs attorneys in many states, including in California. UF 5, 6. As part of its engagement, the Mandarich Law Group generated and mailed a letter to Plaintiff, dated July 3, 2023 (the "July 3 letter"). UF 7. The July 3 letter informed Plaintiff that the 7402 Vazquez Account was owned by SPV, that the amount of the debt was $2,442.56, and that Plaintiff owed this amount to SPV. UF 8, 9, 10. The Mandarich Law Group did not use a letter vendor or any other third party to generate or mail the July 3 letter. UF 11.

## III.  STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment "shall" be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving parties, Defendants may discharge their burden

---

[2] Cavalry Portfolio Services, LLC, manages the servicing and collection of accounts purchased and owned by SPV. Declaration of Maureen Killian, ¶ 1.

by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion for summary judgment, Plaintiff "must present competent evidence that creates a genuine issue of material fact." *Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). The materiality of a fact is determined by the underlying substantive law. *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998). "Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009).

IV. **ARGUMENT**

    A. **The 1692c(b) and 1692f Claims Fail Because the Undisputed Evidence Demonstrates that Mandarich Law Group was Acting as the Attorney for SPV**

Although section 1692c(b) of the FDCPA places restrictions on the transmission of information about a consumer debt to unauthorized third parties, it specifically <u>permits</u> a creditor or a debt collector to communicate such information to their attorney.[3] As such, SPV's alleged sharing of information

---

[3] Section 1692c(b) of the FDCPA provides: "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt,

about the debt with its attorneys at the Mandarich Law Group does not violate sections 1692c(b) or 1692f of the FDCPA. *See, e.g., Forman v. Academy Collection Service, Inc.*, 388 F. Supp. 2d 199, 203 (S.D.N.Y. 2005).

The undisputed record establishes that SPV, through its servicing agent Cavalry Portfolio Services, LLC, retained Mandarich Law Group to collect the amounts owed on the 7402 Vazquez Account on behalf of SPV. UF 4. There is no dispute that Mandarich Law Group is a law firm, as this Court and the Second and Seventh Circuits have recognized. *See Drago v. Mandarich Law Group LLP*, 2021 U.S. Dist. LEXIS 258584 (C.D. Cal. July 16, 2021) (acknowledging Mandarich Law Group is a law firm and granting in part its motion to dismiss); *Legaspi v. JHPDE Finance I*, 2021 U.S. Dist. LEXIS 94405 (C.D. Cal. May 18, 2021 (acknowledging Mandarich Law Group is a law firm and denying plaintiff's motion for leave to amend); *Felberbaum v. Mandarich Law Group*, 2023 U.S. App. LEXIS 3370 (2d Cir. Feb. 13, 2023) (confirming Mandarich Law Group is a law firm and that one of its attorneys performed a meaningful attorney review before a letter was sent); *Abdollahzadeh v. Mandarich Law Group*, 922 F.3d 810 (7th Cir. Apr. 29, 2019) (recognizing that Mandarich Law Group is a law firm and affirming holding that it did not violate the FDCPA).

Plaintiff contends that, "[a]s part of its utilization of [Mandarich Law Group]," SPV conveyed information concerning Plaintiff and the alleged debt" to the firm, purportedly in violation of 15 U.S.C. §§ 1692c(b) and 1692f. Compl., at ¶ 60. Because Mandarich Law Group was acting as SPV's attorney, however, any disclosure of information about the debt does not support a claim under section

---

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, **the attorney of the creditor, or the attorney of the debt collector.**" 15 U.S.C. § 1692c(b) (emphasis added).

1692c(b).[4]

Plaintiff's section 1692f claim is based on the same factual predicates and fails for the same reason. Section 1692f provides that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges SPV violated this section "when it disclosed Plaintiff's private and sensitive information to the third-party vendor." Compl., ¶ 100. This "third-party vendor" is Mandarich Law Group (no other "vendors" are mentioned, or even alluded to, in the Complaint). Retaining a collection attorney, however, is specifically contemplated by the FDCPA and it is neither unfair nor unconscionable. As such, Plaintiff's claim under § 1692f fails.

### B. The Section 1692d, 1692e and 1692g Claims Fail Because The Undisputed Evidence Demonstrates that SPV Owns the 7402 Vazquez Account

Plaintiff's remaining claims under sections 1692d[5], 1692e[6] and 1692g[7] of

---

[4] Plaintiff's Complaint vaguely contends SPV "violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to "the third-party vendor." Compl., ¶ 96. Again, the only "vendor" referenced is the law firm – the Mandarich Law Group – so the sharing of information is permissible. That said, it should also be noted that Mandarich Law Group generated and mailed the July 3, 2023 letter in-house <u>without</u> the use of a third-party mailing vendor. *See* Mandarich Declaration, ¶ 6.

[5] 15 U.S.C. § 1692d provides in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

[6] 15 U.S.C. § 1692e provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[7] 15 U.S.C. § 1692g(a) provides in pertinent part:

the FDCPA all depend on her erroneous contention that SPV does not own the debt. The undisputed record proves, however, that SPV <u>does</u> own Plaintiff's debt. UF 1, 2. Accordingly, each of Plaintiff's remaining claims fail.

Mandarich Law Group's July 3, 2023 letter accurately informed Plaintiff of the amount of the debt, and that the account was owned by SPV. UF 1, 2, 8, 9, 10. Thus, Plaintiff's claims under section 1692g(a)(1) and (a)(2) fail.

Mandarich Law Group's statement in the July 3, 2023 letter that Plaintiff owed the debt to SPV was true, and therefore was not harassing, abusive, or oppressive under section 1692d. *See* Compl., ¶¶ 147. Nor was it false, misleading, or deceptive under section 1692e. *See* Compl., ¶¶ 148-150.

Defendants did not make any false representations as to "the character, amount, or legal status of [the] debt," nor did they use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A) and (10). Rather, Mandarich Law Group accurately told Plaintiff the amount of the debt and to whom it was owed. UF 9, 10.

In short, SPV owns the debt on the 7402 Vazquez Account, so Plaintiff's claims under 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(a), and 1692e(10) all fail.

//
//
//

---

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed;

### C. The Rosenthal Act Claims are Derivative of the FDCPA Claims and Fail for the Same Reasons

Plaintiff's Rosenthal Act claims under California Civil Code §§ 1788.13(k)[8] and 1788.17[9] are derivative of her FDCPA claims. They fail for the same reasons.

As the Ninth Circuit has recognized, the Rosenthal Act is California's version of the FDCPA, which "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Thus, under section 1788.17 of the California Civil Code, whether a debt collector's conduct "violates the Rosenthal Act turns on whether it violates the FDCPA." *See Riggs*, 681 F.3d at 1100 (affirming trial court's judgment on § 1788.17 claim where letter did not violate 1692g of the FDCPA).

### V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment in its favor.

//
//
//

---

[8] California Civil Code § 1788.13(k) provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: The false representation that a consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection."

[9] California Civil Code § 1788.17 provides "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k, Title 15 of the United States Code. . ."

Respectfully submitted,

DATED: November 27, 2024

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
SAMUEL R. MELAMED

By:  /s/Tomio B. Narita
Tomio B. Narita
Attorneys for Cavalry SPV I, LLC
and Mandarich Law Group, LLP